[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12990
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 26, 2010
JOHN LEY
CLERK

D.C. Docket No. 07-21516-CV-AMS

CHANNA IMPORTS, INC.,

                                        Plaintiff-Appellant,

versus

HYBUR, LTD.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 26, 2010)

Before TJOFLAT, WILSON and COX, Circuit Judges.

PER CURIAM:

Channa Imports, Inc. brought this suit against Hybur, Ltd. and Ocean Express, Ltd.[1] for the loss of oriental carpets alleged to be valued at $207,968.11. The Magistrate Judge granted Hybur's motion for partial summary judgment, finding that each individual oriental carpet did not constitute a package under the Carriage of Goods by Sea Act ("COGSA").[2] Following a bench trial, the Magistrate Judge found that Channa did not prove a shortage of carpets at outturn. Channa appeals. After review, we affirm on both issues.

Channa is in the business of selling oriental carpets. Channa contracted with Ocean Express to transport carpets from Channa's warehouse in Milano, Italy to an affiliate's warehouse in Cozumel, Mexico. Ocean Express, in turn, sub-contracted with Hybur and other carriers. Hybur agreed to transport a shipment of the carpets by sea from Port Everglades, Florida to Puerto Morelos, Mexico.

On May 8, 2006, a trucking company hired by Ocean Express loaded the carpets into a forty-foot container at Channa's warehouse in order to transport it to a port in Geneva, Italy. The carpets were packaged in the following way. First, each carpet was folded and then stacked on a wooden pallet. When the stack reached one meter in height, the pallet was closed. Each pallet was covered with plastic in order

[1]The district court dismissed the claims against Ocean Express.

[2]The parties consented to a decision by the Magistrate Judge. (R.1-20) (R.1-21).

to keep the carpets dry, and then secured with strapping material. (R.1-38 at 2.) In all, there were twenty pallets containing 1,834 carpets. (*Id.* at 3.) The twenty pallets were placed in one shipping container. The driver affixed a white seal to the container, and the next day, the container arrived at the port in Geneva. On May 17, 2006, the container was loaded onto the Barcelona Express, and on June 1, 2006, the container arrived at the Port of Miami, Florida. On June 7, 2006, a carrier hired by Ocean Express moved the container to Hybur's shipping facility in Port Everglades, Florida, where Hybur accepted the shipment. Hybur then placed a second security seal on the container pursuant to its ordinary business practice. (R.1-62 at 8.) The container was in Hybur's terminal for five days; the terminal is protected by security guards and barbed wire fencing. (*Id.* at 9.) Additionally, the containers are stored in such a way that all containers, except the last one on the bottom row, cannot be opened. (*Id.*) On June 12, 2006, the container was loaded onto the vessel Argosy, which departed to Puerto Morelos. (*Id.* at 10.) Hybur issued the bill of lading numbered PEVMEX08640 on June 13; it indicated that both seals were intact. The heading on the bill of lading entitled "Description of Packages" identifies the goods as "Oriental Carpets S[aid] T[o] C[ontain] 1834 P[ackages]." (R.1-38 at 3.) Under the column "N[umber] of," the bill of lading refers to the forty-foot container, but does not refer to the twenty pallets inside the container. On June 15, 2006, at the

3

latest, the container arrived in Puerto Morelos, where it was off-loaded from the ship and placed within the Port Administration facilities, which the Mexican government controls. Lapis Itor de Cozumel, an affiliate of Channa, took custody of the container in Puerto Morelos. (R.1-62 at 3.) Lapis was responsible for transporting the carpets to their final destination in Cozumel. (*Id.*) When the container reached Cozumel and was opened, both seals were still intact. (*Id.* at 12.) However, four pallets were missing from the container. (*Id.* at 4.) Channa's corporate representative, Uri Ben Yehuda, became aware of the missing carpets on June 20, 2006, but Channa did not report the loss to Hybur until it served Hybur with a summons in this case on July 24, 2007.

The relevant act is COGSA, 46 U.S.C.A. §§ 30701, *et seq.* (2007) (formerly codified at 46 U.S.C. § 1300 *et seq*):

> Neither the carrier nor the ship shall . . . be . . . liable for any loss . . . in connection with the transportation of goods in an amount exceeding $500 per package . . . or in case of goods not shipped in packages, per customary freight unit . . . unless the nature and value of such goods have been declared by the shipper before shipment and inserted in the bill of lading. This declaration, if embodied in the bill of lading, shall be prima facie evidence, but shall not be conclusive on the carrier.

COGSA, § 4(5). Because COGSA does not define the term "package," and on account of "the adoption of new methods of preparing and assembling goods for shipment," courts are inevitably asked to determine whether a given item qualifies as

4

a package under the statute. *Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co.*, 254 F.3d 987, 997 (11th Cir. 2001) (quotation and citation omitted).

Channa contends that each of the 1,834 individual carpets constituted a COGSA package. This argument is without merit. We find no error in the Magistrate Judge's analysis of this issue or in the grant of partial summary judgment to Hybur based on its finding that the pallets, not the carpets, constituted the COGSA packages. (R.1-38 at 12-13.)

Channa next argues that the district court erred by finding that it failed to prove shortage at outturn. Because we affirm the Magistrate Judge's finding that each pallet constituted a package, Hybur is only potentially liable for $500 per missing pallet, not $500 for each carpet contained therein. In order for Hybur to be responsible for the four missing pallets under COGSA, Channa must prove that the pallets were lost while in Hybur's control. *Plastique Tags, Inc. v. Asia Trans Line, Inc.*, 83 F.3d 1367, 1369 (11th Cir. 1996) (citation omitted). In order to meet this burden, Channa must demonstrate: "1) full delivery of the goods in good condition to the carrier, and 2) outturn by the carrier of the cargo with damaged or missing goods." *Id.* Although the Magistrate Judge found that Channa sufficiently established "that it made a full delivery of the carpets . . . to Hybur by virtue of the terms of the Bill of Lading," the Magistrate Judge found that Channa "failed to demonstrate that there was a shortage

5

of carpets at outturn." (R.1-62 at 15.) We consider, then, whether the Magistrate Judge erred in finding that Channa did not prove such a shortage.

The Magistrate Judge found that both seals remained intact throughout the period Hybur controlled the container, and were only removed after reaching the container's final destination in Cozumel. Although this fact tends to suggest the loss did not occur while Hybur possessed the container, it is not determinative. *See Bally, Inc. v. M.V. Zim America*, 22 F.3d 65, 69-70 (2d Cir. 1994). Moreover, Channa failed to introduce evidence suggesting the container was tampered with. The Magistrate Judge also found that Channa did not offer any evidence suggesting it was more likely that the missing carpets were removed while in Hybur's possession than at any time after Hybur transferred the carpets to the custody of the consignee, including when the container was in Puerto Morelos at the Port Administration facilities, en route to the warehouse in Cozumel, or after it reached the warehouse where the loss was discovered. (R.1-62 at 24.)

The Magistrate Judge's conclusion is further supported by the fact that Channa did not report the loss to Hybur until one year after it discovered the missing carpets. This fact serves as prima facie evidence that Hybur delivered all the carpets. COGSA, § 3(6). Accordingly, the Magistrate Judge's factual finding that Channa failed to establish a loss of carpets at outturn was not clearly erroneous.

6

AFFIRMED.